UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10034 FMO (ASx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Kunda Sagar v. Dollar Tree Stores, Inc., et al. | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On October 2, 2023, Kunda Sagar ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Dollar Tree Stores, Inc. ("Dollar Tree"), and Alexandra Ramos ("Ramos") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 3, 11; Dkt. 1-1, Complaint at 1). Plaintiff asserts negligence and premises liability claims arising from an accident at a Chatsworth, California Dollar Tree store against all defendants. (See Dkt. 1-1, Complaint at 4-5).

On November 29, 2023, Dollar Tree removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332 and 1441(b). (See Dkt. 1, NOR at ¶¶ 7-25). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc.

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10034 FMO (ASx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Kunda Sagar v. Dollar Tree Stores, Inc., et al. | | |

v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[2]  Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California, (see Dkt. 1, NOR at ¶ 8), whereas Dollar Tree is a citizen of Virginia. (Id. at ¶ 9). However, Ramos appears to be a citizen of California. (Id. at ¶ 11). Plaintiff alleges that Ramos's negligence proximately caused her injuries. (See Dkt. 1-1, Complaint at 4). Dollar Tree asserts that Ramos is "an employee" at its store in Chatsworth, and a sham defendant, and therefore, her citizenship should be ignored. (See Dkt. 1, NOR at ¶¶ 11-16).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, 889 F.3d at 548 (internal quotation marks omitted).

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10034 FMO (ASx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Kunda Sagar v. Dollar Tree Stores, Inc., et al. | | |

Here, Dollar Tree contends that Ramos was fraudulently joined, (see Dkt. 1, NOR at ¶¶ 11-16), but fails to show that "plaintiff could not possibly recover against" Ramos. See Mireles, 845 F.Supp.2d at 1063). It is not enough to claim, as Dollar Tree does, that there is "no potential to hold Alexandra Ramos . . . liable on any theory for any dangerous condition" at the store where plaintiff was injured because she "was not the store manager," and was "not present" or working on the date of plaintiff's accident. (See Dkt. 1, NOR at ¶ 16); see also Silva v. Wal-Mart Stores, Inc., 2018 WL 6112613, *2 (C.D. Cal. 2018) (allowing leave to amend and remanding to state court, stating "[t]o the extent that Wal-Mart argues that Plaintiff cannot sue [individual-employee defendant] because Wal-Mart bears respondeat superior liability for his negligence, the Court finds Wal-Mart's argument unconvincing."). In other words, even assuming plaintiff's claims against Ramos are deficiently pled, there exists the possibility that plaintiff could salvage her claim through amendment. See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant.]"). Under the circumstances, Dollar Tree has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiff does not have a colorable claim against its employee Ramos. See Grancare, 889 F.3d at 548.

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that Dollar Tree has met its heavy burden of establishing that Ramos was fraudulently joined. See Grancare, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder.") (internal quotation marks omitted); see also Hamilton Materials, Inc., 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence."). Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 9425 Penfield Ave., Chatsworth, CA 91311, for lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 23-10034 FMO (ASx)** | Date | **December 19, 2023** |
|---|---|---|---|
| Title | **Kunda Sagar v. Dollar Tree Stores, Inc., et al.** | | |

subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

   2.  The Clerk shall send a certified copy of this Order to the state court.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |